UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MABEL SMITH,<br>Guardian of the minor child K.C.<br>3735 9th St., NW<br>Washington, D.C. 20010<br><br>    PLAINTIFF,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>A Municipal Corporation<br>1350 Pennsylvania Ave., NW<br>Washington, D.C. 20004<br><br>    DEFENDANT. | Civil Action Number: |

## COMPLAINT

### I. JURISDICTION

**1.** Plaintiff brings this Complaint seeking relief for denial of a Free and Appropriate Public Education (herein FAPE) pursuant to the Individuals with Disabilities Education Act (herein IDEA), 20 U.S.C. Secs. 1400 et seq., 42 U.S.C. Sec. 1983, and 28 U.S.C. Secs. 1331 and 1343 and 5 D.C.M.R. Secs 3000.1 et seq.. This Court has pendent jurisdiction pursuant to 5 D.C. Mun. Regs. Sec. 3000.1-3099 (1991). Declaratory relief is authorized pursuant to 28 U.S.C. Secs. 2201 and 2202. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391 because the underlying events all occurred in the District of Columbia.

### II. PARTIES

**2.** K.C. is a minor child with disabilities and has resided in the District of Columbia during all applicable time periods. Mabel Smith is K.C.'s guardian and educational decision maker

and she has resided in the District of Columbia during all applicable time periods.  K.C. is in foster care and is a ward of the District of Columbia.

3.  Defendant District of Columbia is a municipal corporation that received federal financial assistance and is required to comply with the IDEA.  The District of Columbia Government has responsibility for overseeing all public agencies that receive federal funding.  As such, the District of Columbia Government is responsible for ensuring that District of Columbia Public Schools (herein "DCPS") fully complies with applicable laws and regulations, including those set forth in IDEA, D.C. Code, and the D.C. Municipal Regulations.

### III.   FACTUAL BACKGROUND

4.  K. C. is a 6 year old student who currently attends Tubman Elementary School, a D.C. Public School (herein The Student).

5.  The Student was determined eligible for services initially by D.C. Strong Start in approximately 2017.  The Student received services such as speech therapy, occupational therapy, and physical therapy through D.C. Strong Start.

6.  The Student was determined eligible for special education services by DCPS in July 2021 as a student with a developmental disability.  An initial IEP was developed for The Student in July 2021.

7.  The Student presents with global physical, intellectual, and academic delays.

8.  The Student's Individualized Education Program (herein IEP) provides for speech therapy, occupational therapy, and physical therapy in addition to 25 hours per week of specialized instruction. The Student is non-verbal and cannot perform activities of daily living such as toileting, feeding, and dressing.

9. On October 27, 2021, personnel from D.C. Public Schools at Tubman Elementary School held an MDT/IEP meeting for The Student to review his IEP. At this meeting the team determined that The Student required a dedicated aide and added the service of a dedicated aide for The Student to his IEP. The team determined and the IEP required that the aide be provided for 7.5 hours per day.

10. Between October 27, 2021 and March 1, 2022, Plaintiff inquired numerous times as to the status of the dedicated aide because a dedicated aide had not been provided. At one point, if not more, The Student's teacher told Plaintiff that the request for the dedicated aide had been "denied" by DCPS.

11. On March 1, 2022, an MDT/IEP meeting was held for The Student. At this meeting DCPS staff stated unequivocally that a dedicated aide had not been provided because the request for a dedicated aide had been "denied" by DCPS. At the March 1, 2022 meeting, DCPS staff also recognized that the October 27, 2021 IEP required that a dedicated aide be provided for The Student.

12. By email of March 2, 2022, LaToshia Cannon, assistant principal at Tubman Elementary School, stated that she "put in a request" for a dedicated aide but did not provide any other details including when the aide would begin working with The Student.

13. By admission of counsel for D.C. Pubic Schools, DCPS did not provide a dedicated aide for The Student until April 20, 2022.

14. After The Student's IEP Team determined on October 27, 2021, that The Student required a dedicated aide, on October 27, 2021, IEP the team developed a report entitled "Justification and

3

Plan for Dedicated Aide". In this report the team determined, *inter alia*, that The Student:

> ...is currently non-verbal but does respond to some basic sign language and verbal prompts. The majority of his instruction and support occurs in a hand-over-hand fashion to guide him. His needs are considerable and he requires constant supervision and support in order to remain safe and healthy.

15. On March 8, 2022, pursuant to IDEA, Plaintiff filed an administrative Due Process Complaint alleging that the failure and refusal of Defendant to provide a dedicated aide for The Student as required by The Student's IEP, constituted a failure to provide The Student a FAPE. As part of the relief requested, Plaintiff requested that an independent compensatory education assessment be ordered and that Defendant be ordered to fund such assessment.

16. On May 11 and 12, 2022, pursuant to IDEA, an administrative due process hearing was held to address the issues raised in Plaintiff's Due Process Complaint.

17. Peter Vaden, Esq. was assigned as the Hearing Officer.

18. Prior to May 17, 2022, Plaintiff attempted to have an educational specialist assigned by D.C. Child and Family Services Agency (herein CFSA) to The Student's case observe The Student in his classroom. Personnel at Tubman ES refused to allow the CFSA employee to observe The Student in his classroom.

19. On May 17, 2022. Mr. Vaden issued an Interim Hearing Officer Determination finding, *inter alia*, that Defendant's failure to provide The Student a dedicated aide as required by The Student's October 27, 2022 IEP was a violation of IDEA and rose to the level of a failure to provide a FAPE to The Student. Mr. Vaden further found that: "... it is certainly probable that {T}he {S}tudent would have received educational benefits from the support of a full-time dedicated aide..."

4

Case 1:22-cv-02755-TSC-ZMF    Document 1    Filed 09/12/22    Page 5 of 10

20. In the Interim HOD, Mr. Vaden found unpersuasive DCPS' argument that The Student was not harmed by not having a dedicated aide because the classroom teacher and aide were able to provide these services for the Student.

21. Mr. Vaden further found that the "...IEP team's motivation for providing a dedicated aide for the child was out of concern for his/her safe eating, toileting and diapering needs and intra-school transitions, and not primarily for academic support."

22. Mr. Vaden then concluded that The Student was entitled to an award of compensatory education services to remedy Defendant's failure to provide a FAPE to The Student.

23. Mr. Vaden found Plaintiff's evidence regarding appropriate compensatory education services to be "unpersuasive" because, *inter alia*, Plaintiff's compensatory education plan: (1) proposed services that were not contained on The Student's October 27, 2021 IEP; (2) proposed services that were not at issue in the instant proceeding; and (3) was based on an observation of The Student that was not conducted in The Student's classroom.

24. Mr. Vaden, via the Interim HOD, offered the parties an opportunity to submit additional evidence as to appropriate compensatory education services, "preferably sworn declarations from qualified professionals" as to what educational benefits would have accrued to The Student if Defendant had provided The Student a dedicated aide as required by The Student's October 2021 IEP. Mr. Vaden provided the parties 30 days to submit the additional evidence regarding a compensatory education plan.

25. On May 25, Plaintiff filed a Motion For An Independent Compensatory Education Assessment. Via this Motion, Plaintiff informed the Hearing Officer that she was not in a position to fund a "qualified expert", i.e., an expert witness, to develop a compensatory education

5

plan. Plaintiff's Motion was accompanied by an Affidavit from Plaintiff attesting to her inability to fund an independent compensatory education assessment. Plaintiff requested that the Hearing Officer order a compensatory education assessment to be funded by Defendant.

26. On June 3, 2022, Mr. Vaden issued an Order denying Plaintiff's Motion For An Independent Compensatory Education Assessment. In so doing, Mr. Vaden, *inter alia*, placed the burden on Plaintiff to propose a well-articulated compensatory education. In his order Mr. Vaden also noted that if Plaintiff was the prevailing party she would possibly be eligible to be reimbursed for the cost of the expert she hired to develop the compensatory education plan.

27. In response to Mr. Vaden's refusal to order an independent compensatory education Assessment, on June 17, 2022, Plaintiff filed a Motion for Reconsideration, informing Mr. Vaden, *inter alia*, that Plaintiff was not in a financial position to retain additional experts to develop a proposed compensatory education plan. In support, Plaintiff again submitted an affidavit attesting to her inability to retain outside expert(s). On the same day, Plaintiff also filed a Motion to Exclude Evidence and resubmitted the compensatory education plan submitted by Plaintiff at the hearing in this matter.

28. On June 17, 2022, Defendant filed a Response to the Interim HOD Order to provide a proposed compensatory education plan. In this filing Defendant provided, *inter alia*, affidavits from two of Defendant's witnesses. These affidavits introduced new facts and evidence that had not been presented at the May 11 and 12, 2022 due process hearing. Defendant also introduced a "DCPS Program Guide" that had not been introduced at the May 11 and 12, 2022 hearing. Defendant's Response did not propose a compensatory education plan as requested by the Interim HOD but rather posited that no compensatory education services were warranted.

29. On June 21, 2022, Plaintiff requested the opportunity to respond to the new evidence presented by Respondent in their June 17, 2022 filing. Mr. Vaden responded by stating: "I will not consider additional filings on the compensatory education determination".

30. On June 22, 2022, Mr. Vaden issued a Final Hearing Officer Determination. In that Final HOD, Mr. Vaden found that because Plaintiff did not present a well-articulated compensatory education plan, The Student was to be denied all compensatory education relief.

31. In the June 22, 2022 Final HOD, Mr. Vaden denied Plaintiff's Motion for Reconsideration and Motion to Exclude Evidence.

32. At the May 11 and 12, 2022, administrative hearing, Plaintiff presented extensive evidence as to the progress/lack of progress that was made by The Student during school year 2021-2022. This evidence included, *inter alia*, testimony from witnesses and numerous reports from assessments conducted with The Student by DCPS in March/April 2022. This evidence was not addressed by Mr. Vaden in either the Interim HOD or the Final HOD.

33. Defendant's failure and refusal to provide a dedicated aide as required by the Student's October 27, 2021 IEP is a violation of IDEA and constitutes the failure to provide a FAPE to the Student. Such failure to provide a FAPE to the Student is not a mere procedural violation of IDEA but rather has:

A. Impeded and is currently impeding the child's right to a FAPE;

B. Significantly impeded and is currently impeding the parent's opportunity to participate in the decision-making process regarding the provision of FAPE to the parent's child;

C. Caused a deprivation of and is currently depriving the Student of educational benefit; and

D. Caused and is currently causing educational harm to the Student.

## COUNT I

34.    Plaintiff repeats and re-alleges paragraphs 1 - 33 above.

35.    Hearing Officer Vaden erred in finding that Plaintiff had the burden of proposing and proving a compensatory education plan.

## COUNT II

36.    Plaintiff repeats and re-alleges paragraphs 1 - 33 above.

37.    Hearing Officer Vaden erred by rejecting the compensatory education plan proposed by Plaintiff at the May 11 and 12, 2022 Due Process Hearing and finding that Plaintiff was not entitled to any compensatory education plan.

## COUNT III

38.    Plaintiff repeats and re-alleges paragraphs 1 - 33 above.

39.    Hearing Officer Vaden erred by failing to order an independent compensatory education assessment.

## COUNT IV

40.    Plaintiff repeats and re-alleges paragraphs 1 - 33 above.

41.    Hearing Officer Vaden erred by finding that the dedicated aide required by The Student's October 2021 IEP was out of concern for The Student's safe eating, toileting, diapering needs and school transitions but not for academic support.

## COUNT V

42.    Plaintiff repeats and re-alleges paragraphs 1 - 33 above.

43.    Hearing Officer Vaden erred by failing and refusing to permit Plaintiff to respond to the new evidence submitted by Defendant after the hearing was completed or cross examine the

witnesses who presented the affidavits pursuant to the interim HOD.

## COUNT VI

**44.** Plaintiff repeats and re-alleges paragraphs 1 - 33 above.

**45.** Hearing Officer Vaden erred by denying Plaintiff's Motion for Reconsideration and Motion to Exclude Evidence.

## COUNT VII

**46.** Plaintiff repeats and re-alleges paragraphs 1 - 33 above.

**47.** Hearing Officer Vaden erred by finding in his Interim HOD that Plaintiff was entitled to compensatory education services and then reversing that finding in the Final HOD.

## COUNT VIII

**48.** Plaintiff repeats and re-alleges paragraphs 1 - 33 above.

**49.** Hearing Officer Vaden erred by failing to consider and address the evidence presented by Plaintiff at the May 11 and 12, 2022 hearing in this case.

**IV.** **RELIEF**

**50.** Plaintiff respectfully requests that this honorable Court:

A. Issue judgment for the Plaintiff on all counts set forth above;

B. Find that Hearing Officer Vaden erred as set forth above;

C. Find that a dedicated aide is necessary for academic support in addtion to support for transitions;

D. Order a compensatory education assessment to be conducted within 30 days of the conduct of the date of this honorable Court's Order in this matter. Such assessment shall be conducted by an individual qualified to conduct such an assessment and funded by D.C. Public

Schools. Plaintiff shall select the independent assessor to conduct the compensatory education assessment;

   E. Remand the case to Hearing Officer Vaden with instructions to issue an Order that Defendant fund the compensatory education plan developed as a result of the independent compensatory education assessment; and

   F. Order any other relief that is just and fair.


Respectfully submitted,

*/s/ Elizabeth T. Jester, Esq.*

Elizabeth T. Jester, Esq.
JESTER AND WILLIAMS, LLC
3913 Benton St., NW
Washington, D.C. 20007
202-841-1713
D.C. Bar Number 386813
ETJESQ@aol.com

signed electronically