UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MABEL SMITH**, *Guardian of the minor child K.C.* | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 22-cv-2755 (TSC/ZMF) |
| **DISTRICT OF COLUMBIA**, | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff contends that the District of Columbia violated the Individuals with Disabilities in Education Act ("IDEA") by failing to provide minor child K.C. ("the student") with a free appropriate public education ("FAPE"). *See* Report & Recommendation, ECF No. 19 at 1–3 ("R&R"). A hearing officer rejected Plaintiff's request for an independent compensatory education assessment and a compensatory education award. R&R at 4–6. Plaintiff challenged the hearing officer's findings, Compl., ECF No. 1 ¶¶ 34–50, and the court referred the case to a Magistrate Judge "for full case management up to and including issuance of a Report and Recommendation on any dispositive motions," Min. Order, Oct. 12, 2022. The parties subsequently cross-moved for summary judgment. *See* Mot. for Summary Judgment, ECF No. 13; Cross Mot. for Summary Judgment, ECF No. 15. The Magistrate Judge entered a report and recommendation (ECF No. 19) on July 31, 2023. Plaintiff has objected to the report and recommendation. Objs. to R. & R., ECF No. 21; *see* Pls. P. & A. in Supp. of Objs. to R. & R., ECF No. 21-2 ("Objections").

Plaintiff's objections are unavailing because each "merely rehash[es] an argument presented and considered by the magistrate judge," *see Shurtleff v. U.S. EPA*, 991 F. Supp. 2d

1, 8 (D.D.C. 2013):

- Plaintiff's objection to the burden of proof, *compare* Objections at 8, *with* R&R at 8;

- Plaintiff's objection to the finding that the hearing officer did not err in discounting Plaintiff's expert's compensatory education recommendation and declining to order an independent assessment, *compare* Objections at 9–13, *with* R&R at 8–9;

- Plaintiff's objection to the finding that the hearing officer did not err in requiring Plaintiff to find qualified professionals to supplement the record, *compare* Objections at 12–13, *with* R&R at 8;

- Plaintiff's objection to the finding that the hearing officer did not err in admitting post-hearing declarations, *compare* Objections at 14–16, *with* R&R at 16–17;

- Plaintiff's objection to the finding that the hearing officer did not reversibly err in failing to address the notes from the March 1, 2022, team meeting, *compare* Objections at 18–19, *with* R&R at 19 n.5;

- Plaintiff's objection to the finding that the hearing officer did not err by misclassifying the student's dedicated aide, *compare* Objections at 19, *with* R&R at 17–18;

- Plaintiff's objection to the finding that the hearing officer did not err in failing to reference the student's recent medical assessments in his compensatory education determination, *compare* Objections at 20–25, *with* R&R at 18–19;

- Plaintiff's objection to the finding that the hearing officer did not err in their treatment of Dr. Livelli's, Ms. Valenzuela's, and Plaintiff's testimony, *compare* Objections at 25–27, *with* R&R at 19–22; and

- Plaintiff's objection to the finding that Defendant illegally denied Ms. Williams—an expert witness for Plaintiff—the opportunity to conduct a classroom observation, *compare* Objections at 27, *with* R&R at 10–11 n.2.

Objections such as these that simply repeat previous arguments are reviewed "only for clear error." *M.O. v. District of Columbia*, 20 F. Supp. 3d 31, 37 (D.D.C. 2013) (citation omitted). A report and recommendation fails clear error review "only if on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 507 (D.D.C. 2020). As the report and recommendation here thoroughly explains, the administrative record supports the hearing officer's conclusions. For example, the report and recommendation concludes that the hearing officer did not err in determining that Dr. Livelli's proposed compensatory education award was not appropriate relief because the hearing officer acted within their discretion in discrediting Dr. Livelli and instead relying on Ms. Valenzuela's contrary opinion. R&R at 9–10. That credibility determination was permissible not only because of Ms. Valenzuela's contrary view, but also because Dr. Livelli failed to observe the student in the classroom or communicate with the student's teacher or other providers. *Id.* at 10–12.

Moreover, for some of Plaintiff's alleged procedural errors, the report and recommendation considered whether the hearing officer was wrong, and still concludes that even if that were the case, the error would not be reversible. *E.g.*, *id.* at 17–18, 19 n.5, 21–22. That reasoning is sound, because procedural errors are only reversible when they lead to a violation of "substantive rights," *Cooper v. District of Columbia*, 77 F. Supp. 3d 32, 37 (D.D.C. 2014), and here, Plaintiff fails to show that the hearing officer's ultimate decision was wrong, *A.I. ex rel. Iapalucci v. District of Columbia*, 402 F. Supp. 2d 152, 170–71 (D.D.C. 2005), or any other substantive right was undermined, *see* R&R at 17–18, 19 n.5,

21–22.  There is no clear error.

Consequently, the court will ADOPT the report and ACCEPT the recommendations of the Magistrate Judge.  Plaintiff's Motion for Summary Judgment (ECF No. 13) will be DENIED and Defendant's Cross-Motion for Summary Judgment (ECF No. 15) will be GRANTED.  An Order will accompany this Memorandum Opinion.

Date:  December 18, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge